IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

------------------------------------------------------- :
 : CASE NO. 1:09 CV 2452
SUN LIFE ASSURANCE COMPANY OF :
CANADA, :
 : <u>MEMORANDUM OF OPINION AND</u>
         Plaintiff, : <u>ORDER GRANTING SUMMARY</u>
 : <u>JUDGMENT IN FAVOR OF MAE BELL</u>
     -vs- : <u>BENJAMIN</u>
 :
 :
MAE BELL BENJAMIN AND MIRANDA :
BENJAMIN,
         Defendant.
-------------------------------------------------------

UNITED STATES DISTRICT JUDGE LESLEY WELLS

 This is an interpleader action brought by Sun Life Assurance Company of Canada to determine the respective rights of claimants Mae Bell Benjamin ("Mae Bell") and Miranda Benjamin ("Miranda"). The controversy centers around the disposition of $55,000 in life insurance proceeds from an ERISA governed, employee welfare benefit plan, which became payable at the death of Robert Benjamin ("Robert"), son of Mae Bell and husband of Miranda. Pending before the Court are Mae Bell's and Miranda's cross-motions for summary judgment. (Doc. 25 & 26).

 The claimants' arguments, in sum, are as follows. Mae Bell maintains that she is entitled to the proceeds because she is the named beneficiary under the plan. Miranda, on the other hand, argues that even though Robert expressly named his mother as the beneficiary, she is not entitled to the funds because spousal consent provisions of the

Retirement Equity Act of 1984 ("REA") are applicable in this instance.  Miranda specifically contends that without her consent, Robert's naming of Mae Bell as sole beneficiary was legally ineffective under ERISA and REA, and that statutorily she is the automatic beneficiary under the plan.   For the reasons that follow, the Court finds that the spousal consent provisions to which Miranda cites are inapplicable in this instance, and that Mae Bell is entitled to the proceeds as the named beneficiary.  As such, summary judgment will be granted in Mae Bell's favor.

### I. Background

At the time of his death, Robert Benjamin was a participant in a Group Life Insurance Plan, through his employer OSG Tap & Die, Inc., which was insured through the plaintiff Sun Life.  It is undisputed that this life insurance plan is classified as an employee welfare benefit plan governed by the Employee Retirement Income Security Act of 1974.  (Doc 25, p.3; Doc. 26, p. 4).  On 1 June 2004, Robert designated his mother, Mae Bell Benjamin, as the sole beneficiary of the basic life insurance policy.  On 11 February 2008, Robert again named Mae Bell as the sole beneficiary of his optional insurance coverage.  Robert died on 26 January 2009 and both policies became payable.  In February 2009, Mae Bell and Miranda each asserted a claim to the proceeds.  Faced with the risk of multiple liability, Sun Life filed this interpleader action and deposited the disputed funds into the registry of the Court.

### II. Summary Judgment Standard

Pursuant to Federal Civil Rule 56(c), summary judgment is appropriate where

2

there is "no genuine issue as to any material fact" and "the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c).  When considering a motion for summary judgment, the court must draw all inferences from the record in the light most favorable to the non-moving party.  Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986).  The court is not permitted to weigh the evidence or determine the truth of any matter in dispute; rather, the court determines only whether the case contains sufficient evidence from which a jury could reasonably find for the non-moving party.  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248-49 (1986).  Because there is no material factual dispute in the present case, the Court will simply answer the legal question posed by the parties.

### III. Law and Argument

Miranda argues that under 29 U.S.C. § 1055(c), Robert's designation of a beneficiary other than herself is invalid without her written consent taken before a plan representative or a notary public.  (Doc. 26, p. 5-6).  It is undisputed that Miranda did not consent to the naming of Mae Bell as sole beneficiary.   Mae Bell maintains, however, that the spousal consent provisions upon which Miranda relies apply only to pension plans and not employee welfare benefit plans.  Therefore, according to Mae Bell, because Robert's life insurance policies are part of a welfare benefit plan, no consent was required.  Miranda contends that Section 1055 should have equal application to both employee welfare benefit plans and pension plans.

Under ERISA, there are "crucial difference[s]" between how pension plans and

3

welfare benefit plans are treated.  See In re White Farm Equipment Co., 788 F.2d 1186, 1193 (6th Cir. 1986)("Congress expressly exempted employee welfare benefit plans from stringent vesting, participation, and funding requirements").  Although it is true that the spouse of a policy holder whose plan is subject to Section 1055 must consent to the designation of a new beneficiary, Section 1055 makes clear that this requirement only applies to pension plans, specifically, "any defined benefit plan" and certain  "individual account plans."  See  29 U.S.C. § 1055(c); 29 U.S.C. § 1055(b)(1).  The spousal consent provisions that Miranda relies upon do not apply to "welfare benefit plans," such as life insurance policies.  See 29 U.S.C. § 1055(c)(2); Prudential Ins. Co. of America v. Giacobbe, 2009 WL 3644121, at *5 (D.N.J. 2009)("[I]f the Plan is a welfare benefit plan, no spousal consent is required before a change of beneficiary"); Connecticut General Life Ins. Co. v. Thomas, 910 F.Supp. 297, 304 (S.D.Tx.1995)(ERISA's spousal consent provisions apply only to pension plans, not welfare benefit plans such as life insurance); Hamilton v. Washington State Plumbing & Pipefitting Industry Pension Plan, 433 F.3d 1091, 1101 (9th Cir.2006) (stating that life insurance policies are not subject to 29 U.S.C.A. § 1055 surviving spouse provisions).

Therefore, whether Miranda is statutorily entitled to the insurance proceeds under 29 U.S.C. § 1055, despite Mae Bell's named beneficiary status, depends on whether Robert's life insurance policies are to be classified as pension plans.  It is quite evident that they are not.  Under ERISA, pension plans and welfare benefit plans differ with respect to the type of benefit conferred.  Put simply, "a pension plan provides retirement income, whereas a welfare plan provides benefits after the occurrence of a specific contingency."  Colarusso v. Transcapital Fiscal Systems, Inc., 227 F.Supp.2d

243, 251 (D.N.J.2002). Robert's life insurance is an employee welfare benefit plan because it became payable at his death. (See Doc. 1-2). Furthermore, from the inception of this case the parties have not disputed the proposition that Robert's life insurance policies are part of an employee welfare benefit plan. Therefore, Robert's life insurance policies are not subject to the spousal consent provisions of 29 U.S.C. § 1055.

The disposition of the disputed funds are therefore controlled by the plan documents. Because Mae Bell is named as the sole beneficiary under both policies, she is entitled to the proceeds.

### IV. Conclusion

For the above stated reasons, summary judgment is granted in favor of Mae Bell Benjamin. The balance of the interpled funds plus accrued interest, less any registry fees, shall be paid to Ms. Benjamin.

IT IS SO ORDERED.

       /s/ Lesley Wells
      UNITED STATES DISTRICT JUDGE

Date: 28 October 2010